No. 51.—Noah Shadwick, *et al.* plaintiffs in error, *vs.* Mary McDonald, defendant.

[1.] The Court, for *mesne* profits, in ejectment, may be in the name of either the nominal or the real plaintiff in the ejectment.

[2.] A charge to the Jury, in ejectment and trespass, for *mesne* profits, that there cannot be a recovery for *mesne* profits, unless the count therefor, is in the name of the real plaintiff, and against the real defendant, is erroneous ; and a new trial must be granted for the error, even if the verdict be for the defendant in the ejectment suit.

Ejectment, in Cass Superior Court.    Tried before Judge John H. Lumpkin, March Term, 1854.

This was an action of ejectment, brought in the name of Doe *ex dem*. Noah Shadwick *et al. vs.* Roe and Mary McDonald, tenant in possession.

The declaration contained a count for *mesne* profits, in favor of *John Doe against Richard Roe.*

The plaintiff introduced Ransom A. Whitehead, as a witness, who testified, amongst other things, that defendant was in possession of the land, when the suit was commenced ; and "that the land was in Cass county, when the suit was commenced, and was so still, unless the county line had been changed".

On his cross-examination, he stated that he had not been to defendant's house, since from six months to a year before the suit was commenced; and that defendant did not live on the lot sued for, but on an adjoining lot.

H. W. Cobb testified for plaintiff, that defendant lives three or four miles from the Paulding line. The plaintiff then introduced his title papers, and the defendant introduced hers.

After the evidence had been submitted, and a portion of the argument made to the Jury, defendant moved to continue the cause, for the purpose of filing a plea of the Statute of Limitations; which was resisted by plaintiff, and the Court allowed the continuance, unless plaintiff would consent that the plea might be filed instanter, which the plaintiff permitted to be done, excepting to the decision of the Court.

The Court charged the Jury, that a recovery for *mesne* profits, could not be had, unless the count therefor was in the name of the real plaintiff, and against the real defendant.

The Court charged, likewise, that it must be proven that the land sued for, was in Cass county; and also, that if they found the witness mistaken in one point, they were at liberty to disbelieve the whole of his testimony; to which portions of the charge, plaintiff excepted.

The Jury found for defendant, and plaintiff moved a new trial, on the gound that the verdict was contrary to the evidence, and that the Court erred in the several points above stated. The motion was over-ruled by the Court, and the plaintiff brings thereupon his bill of exceptions.

AKIN, for plaintiffs in error.

MILNER, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

The action for *mesne* profits, may be in the name of the nominal plaintiff in the ejectment, or in the name of the real plain-

tiff. This is the rule, according to the law of England, as that law was, when it was adopted by Georgia. (*Adams' Eject.* 330.)

But our Statute of 1834, with respect to *mesne* profits, has abolished the separate action for them, and instead of that action, has given permission to " all plaintiffs in ejectment, to add a count or counts in their writ of ejectment" for *mesne* profits.

[1.] This is permission to make the count for *mesne* profits, a count in the names of the fictitious parties, corresponding to the main count—the declaration in ejectment, itself. All the counts in the same declaration, ought to be between the same parties. (*Cobb's Dig.* 489.)

It was, therefore, error in the Court below, to charge the Jury, that no *mesne* profits could be recovered in the case, unless the count for *mesne* profits was in the name of the real plaintiff, and against the real defendant.

[2.] The Jury returned a general verdict for the defendant. This error of the Court, therefore, did the plaintiff no harm whatever; because, if he was not entitled to the land, he was not entitled to rent—and the verdict finds, that he was not entitled to the land; still, it is an error, for which the plaintiff must have a new trial. A late Statute makes that necessary— the Act of the last Legislature, "to regulate the granting of new trials".

This Act, in its first section, says, among other things, that "it shall be *obligatory* upon the Superior Courts of this State, to grant new trials in *all* cases, where an exception to any portion of the pleadings may be illegally sustained, or illegally over-ruled by the presiding Judge, against the applicant for a new trial; in all cases where any evidence may be illegally submitted to or illegally withheld from the Jury, against the demand of such applicant, *in all cases where the presiding Judge may deliver an erroneous charge to the Jury, against such applicant,* or refuse to give a legal charge, in the language requested, when the charge, so requested, is submitted in writing".

The Act further says, "that it shall be *obligatory* upon the *Supreme Court* of this State, to reverse the judgment below,

·and award a new trial, in·every case where it shall appear that an error has been committed in *any* of the points enumerated in the first section of this Act, by the Judge presiding on the trial of the cause".

Under this Act, "in all cases where the presiding Judge may deliver an erroneous charge to the Jury against" the applicant, for a new trial, it is made "obligatory" upon this Court to do one thing, and no other, viz: "to reverse the judgment below, and award a new trial". The rule imposed upon this Court is universal, unconditional and peremptory. It is a rule to be satisfied by nothing short of passive obedience. Accordingly, we reverse the judgment of the Court below, and award a new trial, for the charge of the Court below, with respect to the count for *mesne* profits, was "erroneous", although its erroneousness was of a kind which, as things turned out, did the party against whom it was made, the plaintiff, no harm. Had the charge been what the plaintiff requested it to be, the result would have been the same to him. A general verdict against him, for the land, must have carried with it a verdict against him for *mesne* profits, even if the Court had told the Jury that the count for *mesne* profits was good.

As to the other charges and decisions excepted to, we are not prepared to say that we think any of them to have been wrong.